## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.

FRITERIAS CORPORATION d/b/a
El Rey de las Fritas restaurant on 8th Street
and 1815 S.W. 8 STREET, LLC

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

     Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Friterias Corporation d/b/a the El Rey de las Fritas restaurant on 8th Street and Defendant 1815 S.W. 8 Street, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

    2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**<u>PARTIES</u>**

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R.§36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).  Plaintiff is also a "tester" of public accommodation compliance with the ADA and ADAAG.

5.      Defendant Friterias Corporation (also referenced as "operator," lessee" or "co-Defendant") is a Florida for profit corporation. Defendant Friterias Corporation is the owner and operator of the El Rey de las Fritas restaurant located at 1821 SW 8 Street Miami, Florida 33135 and is the subject of this action.

6.      Defendant 1815 S.W. 8 Street, LLC (also referenced as "Defendant 8th Street," "lessor," "owner," or "co-Defendant") is a limited liability company authorized to transact business in the state of Florida.  Defendant 8th Street is the owner of real property built out as a mixed-use strip mall located at 1815 SW 8 Street, Miami, Florida 33135 which property includes the address 1821 SE 8 Street and which in total is referenced in public records as Folio 01-4103-025-0160.

7.      Defendant 8th Street leases its mixed-use strip mall to various public accommodations including a portion leased to co-Defendant Friterias Corporation who in turn operates its El Rey de las Fritas restaurant (which is the subject of this instant action) at that location.

**FACTS**

8.      The El Rey de las Fritas restaurant at 1821 SE 8 Street is part of a small chain of restaurants under the El Rey de las Fritas brand which serve Cuban cuisine.  The El Rey de las Fritas restaurant on 8th Street which is the subject of this action is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as a restaurant serving food and/or drink. The El Rey de las Fritas restaurant located at 1821 SE 8 Street (which is within Defendant 8th Street's strip mall) which is the subject of this complaint is also referenced as "El Rey de las Fritas restaurant on 8th Street," "El Rey de las Fritas," "restaurant," or "place of public accommodation."

9.      As the operator of a restaurant open to the public, Defendant Friterias Corporation is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant as delineated at 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10.      Due to the close proximity to Plaintiff's home to the El Rey de las Fritas restaurant on 8th Street, on November 5, 2021 Plaintiff went to the restaurant to purchase a meal and to "test" compliance with the ADA and ADAAG.

11.      While patronizing the restaurant, Plaintiff had occasion to use the restroom and while using the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

12.      Due to the non-compliant restroom facilities, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant Friterias Corporation) and by the owner of the commercial property which houses the restaurant (Defendant 8th Street).

13.     On information and belief, Defendant Friterias Corporation is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant Friterias Corporation's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its El Rey de las Fritas restaurant on 8th Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14.     As the owner of a strip mall which is open to the public and which is operated as various places of public accommodation including the El Rey de las Fritas restaurant, Defendant 8th Street is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant 8th Street is aware of the ADA and the need to provide for equal access in all areas of its property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its strip mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16.     Plaintiff continues to desire to patronize and test the El Rey de las Fritas restaurant on 8th Street for compliance with the ADA and ADAAG, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17.     Any and all requisite notice has been provided.

18.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21.     Prior to the filing of this lawsuit, Plaintiff personally visited the El Rey de las Fritas restaurant on 8th Street, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff encountered multiple areas of inaccessibility. Therefore, Plaintiff has suffered an injury in fact.

22.     Defendant Friterias Corporation (operator of the El Rey de las Fritas restaurant) and Defendant 8th Street (owner of the strip mall housing that restaurant) have

discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject restaurant.

24.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26.     The commercial space which is owned by Defendant 8th Street which houses the El Rey de las Fritas restaurant (operated by Defendant Friterias Corporation) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the lessee/operator are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.  As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open.  This is in violation of Section 4.13.11 of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. This is also in violation of the 2010 ADA Standards for Accessible Design such as Section 404.2.7 which states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 which states that the force required to activate the door shall be 5 pounds maximum. Further, the door is in violation of Section 404.2.8.1 which requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii.  As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii.  As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is

also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iv.    As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the restroom door, as the locking hardware is non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 which require controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.  Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

v.    As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear

floor space around fixtures) and 2010 ADA Standards for Accessible Design Section 604.3.1 which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

vi.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall without assistance, as the lavatory sink is mounted too high.  The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. This is also a violation of Sections 606.3 and (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design. Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

vii.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

viii.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall without assistance due to the trash can. Because the trash bin encroaches over lavatory clear floor space, this is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches minimum) positioned for a forward approach.

ix.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser outside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.  In this instant case, the towel dispenser is obstructed and is higher than the high forward reach guidelines. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum

high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

x.   Likewise, as to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser inside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. Again, this is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1 Section 4.2.5 (Fig 5) of the ADAAG.

xi.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the bottom sink pipes are not completely wrapped due to lack of maintenance; hence, there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xii.   As to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror inside the stall as it is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that  mirrors located above lavatories or countertops shall be installed with the bottom edge of the

reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

xiii.    Likewise, as to Defendant Friterias Corporation (lessee/operator) and Defendant 8th Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror outside the stall as it is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design (as delineated more fully above).

27.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a restaurant accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

28.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant 1815 S.W. 8 Street, LLC (owner of the property housing the El Rey de las Fritas restaurant) and Defendant Friterias Corporation (operator of the restaurant) and requests the following relief:

a)    The Court declare that Defendants have violated the ADA;

b)       The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)       The Court enter an Order requiring that Defendants alter the commercial property built out as a strip mall as well as the El Rey de las Fritas restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)       The Court award reasonable costs and attorneys fees; and

e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this __ day of December 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*